IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ALONZO HARRIS, | ) |
| | ) Civil Action No. 10 - 447 |
| Petitioner, | ) |
| | ) District Judge David S. Cercone |
| v. | ) |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| BUREAU OF PRISONS (BOP) | ) |
| FEDERAL, | ) |
| | ) |
| Respondents. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied.

**II.    REPORT**

Petitioner, Michael Alonzo Harris, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that he is in custody in violation of federal law because the federal Bureau of Prisons (BOP) calculated his sentences incorrectly. Specifically, he claims that the BOP abused its discretion by failing to allow him to serve his federal and state sentences concurrently. He further claims that the BOP has failed to award him prior custody credit. For the reasons set forth below, the Petition should be denied.

**A. Undisputed Relevant Factual and Procedural History**

The record evidence, which Petitioner does not dispute, reflects the following facts. On April 2, 2007, Petitioner was arrested by Officers of the Pittsburgh Police Department and charged with the state criminal offenses of False Reports to Law Enforcement Agents and Criminal Conspiracy. On April 2, 2007, the Commonwealth of Pennsylvania Board of Probation and Parole (the Board) issued a warrant to commit and detain Petitioner for Technical Parole Violations. On July 5, 2007, while Petitioner was in state custody, he was "borrowed" pursuant to a federal writ of *habeas corpus ad prosequendum* and charged with the federal crime of felon in possession of a weapon. On October 24, 2007, Petitioner entered a guilty plea in state court and he was placed on a one year term of probation. On December 11, 2007, Petitioner was returned to Pennsylvania state authorities in satisfaction of the federal writ.

On December 11, 2007, the federal court issued a Writ of *Habeas Corpus Ad Prosequendum*

ordering that Petitioner be produced from SCI Greene to federal court for a federal criminal hearing on January 7, 2008. On January 3, 2008, while Petitioner was incarcerated at SCI Greene, he was "borrowed" by federal authorities pursuant to a federal writ of *habeas corpus ad prosequendum*. On March 10, 2008, in the United States District Court for the Western District of Pennsylvania, Petitioner pleaded guilty to the federal criminal charge.

On March 13, 2008, the Pennsylvania Board recommitted Petitioner to a state correctional institution as a convicted parole violator to serve a total of 24 months backtime.

On June 20, 2008, Petitioner was sentenced in the United States District Court for the Western District of Pennsylvania to 30 months imprisonment for Falsification of Firearm Purchase Forms and Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(a)(6) and 922(g)(1). On June 20, 2008, Petitioner was returned to state authorities in satisfaction of the federal writ of *habeas corpus ad prosequendum*.

On July 15, 2008, Petitioner filed a Petition for Reconsideration for Federal Sentence to Run Concurrently with State Sentence with his federal sentencing court (ECF No. 8-1, p. 34). On July 21, 2008, the federal sentencing court denied Petitioner's motion for the concurrent running of his federal sentence with his state sentence (ECF No. 8-1, p. 34).

On December 17, 2008, the Commonwealth of Pennsylvania Department of Corrections temporarily released Petitioner so that he could commence his federal sentence. The Temporary Transfer document indicated that at the time of the temporary transfer (December 17, 2008), Petitioner was subject to the lawful commitment to the Pennsylvania Department of Corrections, and had not been discharged from this state commitment. The document stated that upon completion of the federal obligation, Petitioner must be returned to Pennsylvania state authorities so that he could complete his state sentence (ECF No. 8-1, p. 37). Based upon the temporary transfer documentation from the state, Petitioner went into the custody of the United States Marshals Service and a federal designation from the BOP was requested. On April 3, 2009, the United States Marshals Service returned Petitioner to the state of Pennsylvania authorities who continued primary state custody over Petitioner.

At the time the Response was filed, Petitioner was in state custody serving the state parole violation terms imposed in connection with Criminal Case Number 199314603; his federal sentence had not yet been computed. It appears from the docket, however, that Petitioner was transferred to

a federal correctional institution in West Virginia sometime before October 13, 2010. It is assumed that his federal sentence either has been, or will be computed in the near future.

## B. Federal Sentence Calculation

The first bedrock principle that we must recognize in this case is that where an individual has committed crimes against two sovereigns, the issue of who has jurisdiction over him is a matter of comity between the two sovereigns. Ponzi v. Fessenden, 258 U.S. 254, 262 (1922). As to the federal government, the authority to exercise this comity rests with the Attorney General, and an individual may not complain about her decisions. *See* Poland v. Stewart, 117 F.3d 1094, 1098 (9th Cir.1997) ("It is the Attorney General's job to exercise the authority of the United States over federal prisoners. If she chooses to leave [an individual] in the custody of the State ..., neither [the individual] nor this court is in a position to say she lacks the authority under the Constitution to do so."); Bowman v. Wilson, 672 F.2d 1145, 1154 (3d Cir. 1982) (" '[t]he exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner.' ") (quoting Derengowski v. United States, 377 F.2d 223, 224 (8th Cir.1967)) (alteration by quoting court). A corollary to this principle is that a determination as to concurrence of sentence made by one sovereign does not bind the other. A prisoner may not, by agreeing with the state authorities to make his sentence concurrent with a federal sentence, "compel the federal government to grant a concurrent sentence." Pinaud v. James, 851 F.2d 27, 30 (2d Cir. 1988) (quoting United States v. Sackinger, 704 F.2d 29, 32 (2d Cir.1983)).

The "primary custody" doctrine developed to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated each sovereign's laws. *See* Ponzi v. Fessenden, 258 U.S. 254 (1922). *See also* Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996). In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition. *See, e.g.*, Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until it "relinquishes its priority by, *e.g.*, bail release,

3

dismissal of the state charges, parole release, or expiration of the sentence." Chambers, 920 F. Supp. at 622 (citations omitted). Producing a state prisoner under writ of *habeas corpus ad prosequendum* to answer federal charges does not relinquish state custody. Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991); Salley v. United States, 786 F.2d 546, 547-48 (2d Cir.1986) (defendant produced and sentenced in federal court via writ of *habeas corpus ad prosequendum* did not begin to serve consecutive federal sentence until delivered into federal custody).

The Attorney General, through the Bureau of Prisons (BOP), has responsibility for imprisoning federal offenders. *See* 18 U.S.C. § 3621(a). *See also* United States v. Wilson, 503 U.S. 329, 333 (1992); United States v. Ifeoluwa, 238 Fed. App'x 895, 900 (3d Cir. 2007). The interpretation of a statute by the agency charged with administering it is entitled to some deference, so long as its interpretation is not clearly erroneous or contrary to law or the constitution. Reno v. Koray, 515 U.S. 50, 60 (1995). Thus, the standard of review of the BOP's actions in crediting Petitioner's federal sentences is limited to determining whether the BOP abused its discretion. Espinoza v. Sabol, 558 F.3d 83, (1st Cir. 2009) ("Most circuits consider that the district court's review of a BOP decision about credits is for abuse of discretion."). Moreover, the BOP is presumed to follow the law and so it is Petitioner's burden to show otherwise in this Section 2241 petition and to show that the BOP abused its discretion in calculating Petitioner's sentences. *See, e.g.*, Garner v. Jones, 529 U.S. 244, 256 (2000) ("we presume the Board [of Pardons and Paroles of Georgia] follows its statutory commands and internal policies in fulfilling its obligations."); United States v. Aviles, 623 F.2d 1192, 1198 (7th Cir. 1980) ("the presumption of regularity attends official acts of public officers and the courts presume that their official duties have been discharged properly.").

A federal prisoner's sentence calculation is governed by 18 U.S.C. § 3585, Calculation of a term of imprisonment. Paragraph (a) of the statute governs the date upon which a prisoner's sentence commences, and paragraph (b) governs credit he receives for time he spent in official detention prior to the date his sentence commenced. Thus, in any computation of a federal sentence, two separate decisions must be made: (1) when the federal sentence commences and (2) to what extent the defendant can receive credit for time spent in custody prior to commencement of sentence. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996). *See also* Dutton v. U.S. Attorney General, __ F.Supp.2d __, __, 2010 WL 2000370, at *3 (W.D.N.Y., May 20, 2010).

The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual (PS 5880.28). BOP Program Statements are internal agency guidelines, and in many cases the policies set forth therein are "akin to an interpretive rule." Reno v. Koray, 515 U.S. 50, 61 (1995). While the BOP policies at issue in this case are not entitled to the deference described in Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 842 (1984), the policies still are entitled to "some deference" from this court. Koray, 515 U.S. at 61; Roussos v. Menifee, 122 F.3d 159, 163-64 (3d Cir. 1997).

1. Commencement of a Federal Sentence

The date upon which a federal sentence commences is controlled by 18 U.S.C. § 3585(a), which provides as follows:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

The BOP has interpreted § 3585(a) such that it will not commence a federal sentence earlier than the date on which it was imposed. *See* PS 5880.28, Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). *See also* Rashid v. Quintana, 372 Fed. App'x 260, 262 (3d Cir. 2010) ("A federal sentence commences when the defendant is received by the Attorney General for service of his federal sentence. *See* 18 U.S.C. § 3585(a). *See also* United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990). As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed."); DeMartino v. Thompson, Civil No. 96-6322, 1997 WL 362260 at *2 (10th Cir. July 1, 1997) ("Logically, a [federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Thus, a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served. Rashid, 372 Fed. App'x at 2, n.7; Peterson v.

Marberry, Docket Civil No. 07-56, 2009 WL 55913 at *3-5 (W.D. Pa. Jan.5, 2009) (citing PS 5880.28, Chapt. 1, Pages 12-13, and explaining in detail BOP policies regarding § 3585(a)).

A threshold issue in determining the commencement date of a Federal sentence is whether the defendant was in primary Federal or primary non-Federal custody at the time the Federal sentence was imposed. If the defendant was in primary Federal custody, the Federal sentence will commence upon imposition. If, however, the defendant was in primary State or other non-Federal custody at the time the Federal sentence was imposed, the BOP must determine whether the **federal** sentencing court expressly indicated an intent as to whether the federal sentence should run concurrently or consecutively with the non-federal sentence. If the Federal court expressly indicated an intention to have its sentence run concurrently with the non-Federal sentence, the Federal sentence will be deemed to commence upon imposition and the Bureau of Prisons will designate the State correctional facility as the place for the defendant to serve his Federal sentence. If the Federal sentencing court was silent as to whether it intended its sentence to run concurrently, the court's silence will be construed as an intent to impose a consecutive sentence. In such cases, the Federal sentence will commence only when primary non-Federal custody over the defendant is relinquished.

Here, the federal court did not order that Petitioner's federal sentence was to be served concurrent with his state sentence. In applying § 3584(a), the BOP presumes that federal and state sentences are to be served consecutively unless the federal sentencing court orders that the sentences are to be served concurrently. *See* PS 5880.28, Chapt. 1, Pages 31-33; PS 5160.05, Pages 2-7. Pennsylvania did not relinquish jurisdiction over Petitioner prior to his federal sentencing date. Petitioner was brought before the federal court pursuant to a writ of *habeas corpus ad prosequendum* but primary jurisdiction over him remained vested in the state; no triggering event occurred to shift primary jurisdiction to the federal government. Because Petitioner was in the primary custody of the

state when his federal sentence was imposed, and because his federal sentence must be considered to have been imposed to run consecutive to any state sentence, he was returned to the state after his federal sentencing. Because he continued to be held in state custody, his federal sentence had not yet commenced to run until he was received into federal custody on or about October 13, 2010.

To the extent that Petitioner is arguing that his federal sentence should have commenced upon his erroneous transfer to the United States Marshals on December 17, 2008, such argument lacks merit. Primary custodial jurisdiction remains vested in the sovereign that first arrests the defendant until that sovereign relinquishes its priority. Primary jurisdiction can be relinquished by operation of law or by the mutual agreement of the two custodial jurisdictions. United States v. McCrary, 220 F.3d 868 (8th Cir. 2000). Thus, the sovereign with primary jurisdiction may elect under the doctrine of comity to relinquish it to another sovereign, if the sovereign accepts. Any dispute over whether an inmate should be in the primary custody of either the state or federal government is a matter to be agreed upon between the two sovereigns; it is not subject to attack by the prisoner. Bowman v. Wilson, 672 F.2d 1145, 1150 (3d Cir. 1982); McCrary, 220 F.3d at 870.

In this case, Petitioner argues that the state government relinquished primary jurisdiction over him when it released him to deferral custody pursuant to a "Temporary Transfer" order (ECF No. 8-1, p. 38). After Pennsylvania state authorities transferred Petitioner to the United States Marshals, the erroneous transfer was discovered before he was designated to a federal institution for service of his federal sentence and he was returned to state custody. In Allen v. Nash, 236 Fed. App'x 779 (3d Cir. 2007), the Court of Appeals for the Third Circuit held that an erroneous designation of a state inmate to a federal facility did not serve to relinquish the state's primary jurisdiction over an inmate. The Court explained that "[b]ecause the designation to USP-Lewisburg was in error, it did

7

not operate to commence Allen's federal sentence." <u>Allen</u>, 236 Fed. App'x at 783. Consequently, Petitioner is not entitled to habeas relief on this basis.

2. <u>Retroactive Designation under 18 U.S.C. § 3621(b)</u>

Under 18 U.S.C. § 3621(b), the BOP has discretion to retroactively designate a state prison to be the place of commencement of a federal sentence. *See also* BOP Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>. Specifically, the BOP designates the state correctional institution (the primary custodian) for service of the federal sentence. Such retroactive designation allows a federal sentence to run concurrently with a state sentence as of the date a prisoner is sentenced by the federal court. In making this determination, the BOP is required to consider the following factors under 18 U.S.C. § 3621(b): (1) resources of the facility contemplated; (2) nature and circumstances of the offense; (3) history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission.

In <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990), the United States Court of Appeals for the Third Circuit discussed the BOP's authority to effectuate the service of concurrent federal and state sentences in circumstances when the intent of the federal sentencing court or the goals of the criminal justice system would make the exercise of that authority appropriate. For example, the BOP recognizes that the following might occur: the state had primary custody over an inmate, his federal sentence is imposed first, the federal sentencing court does not order that the federal sentence be served concurrently with any state sentence, and then the state court subsequently imposes a state sentence and orders that it is to be served concurrently with the federal sentence. <u>Barden</u>, 921 F.2d at 478-83; PS 5160.05, Pages 5-7. When this occurs, the inmate typically will have served his state sentence at a state institution and upon release is sent to federal custody for service of his federal

sentence. The inmate is permitted to request that the BOP retroactively designate the state institution as the correctional institution where he began service of his federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), which in effect amounts to the imposition of a retroactive concurrent federal sentence. *Id*. at 478-83; PS 5160.05, Pages 5-7. The BOP may also consider the state court's sentencing order as a request that the inmate be permitted to serve his federal and state sentences concurrently. PS 5160.05, Page 7.

Although the BOP must consider the inmate's request for concurrent service of sentences, it is not obligated to grant the request. Barden, 921 F.2d at 478 n. 4 ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently."); PS 5160.05, Page 6 ("there is no obligation under Barden for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence."). The BOP will review the federal sentencing court's Judgment and Commitment Order, the state sentence data records, and any other pertinent information relating to the federal and state sentences. PS 5160.05, Pages 5-7.

In this case, on November 18, 2009, Petitioner submitted a written request to the BOP for a *nunc pro tunc* designation. On February 24, 2010, the BOP conducted a Barden review of Petitioner's request for a *nunc pro tunc* designation (ECF No. 8-2, p. 10). It was noted that he was subject to a 30 month federal sentence imposed on June 20, 2008 for Falsification of Firearm Purchase Forms and Possession of a Firearm by a Convicted Felon. There were no judicial recommendations regarding concurrent/consecutive service of the federal sentence with the state sentence. It was also noted that he was subject to two sentences imposed by the state of Pennsylvania on August 18, 1994 and July 25, 1995 for Drug- Manufacture/Sale/Deliver or Possession with Intent to Deliver. Because the state sentences were imposed before the federal

sentence was imposed (and the absence of a federal court recommendation or order for a concurrent federal sentence), it was determined that he was not appropriate for a *nunc pro tunc* designation.

The BOP did not abuse its discretion in denying Petitioner's request for a retroactive concurrent designation. It considered, as it must, the factors set forth in § 3621(b) and concluded that such a designation was not warranted in Petitioner's case. The BOP is charged with carrying out the sentence that the federal court imposed. The federal sentencing court did not order - at the time of sentencing or at any point subsequent to sentencing - that Petitioner serve his federal sentence concurrently with his state sentences. In fact, when Petitioner moved for a designation by the federal court for an order designating his federal sentence to run concurrent to his state sentence, his motion was denied (ECF No. 8-1, p. 35). Therefore, the BOP was not obligated to calculate Petitioner's federal sentence as concurrent with his state sentence.

While the Court is sympathetic to Petitioner's position, the Court is constrained by existing precedent and applicable rules of law to find that the BOP did not abuse its discretion in denying his request for retroactive designation. *See* Galloway v. Warden of F.C.I. Ft. Dix, 385 Fed. App'x 59, 65 (3d Cir. 2010) (affirming district court's denial of 2241 petition notwithstanding state court order directing state sentence to run concurrent to federal sentence). As such, he is not entitled to habeas relief with respect to the BOP's denial of his *nunc pro tunc* designation.

3. Prior Custody Credit

The second calculation in arriving at Petitioner's projected release date is whether he is entitled to any prior custody credit. Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides as follows.

> (b) Credit for prior custody.-A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

10

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> That has not been credited against another sentence.

18 U.S.C. § 3585(b). The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2001); United States v. Vega, 493 F.3d 310, 314 (3d Cir. 2007); Chambers, 920 F. Supp. at 623 ("Section 3585 does not permit credit on a federal sentence for time served and credited against another sentence.").

At the time he filed his Petition, Petitioner's federal sentence had not been computed. Thus, his challenge to the BOP's computation of his federal prior custody credit was not ripe for adjudication. Moreover, even after a decision is made as to his federal sentence computation and the amount of federal prior custody credit available to him under 18 U.S.C. § 3585(b), Petitioner must exhaust his administrative remedies with the BOP before filing a petition for writ of habeas corpus. *See* Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir.1996). Accordingly, any claim regarding prior custody credit is not ripe for adjudication by this Court.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule

established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. *See* Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                                                         Lisa Pupo Lenihan
                                                                                         Chief United States Magistrate Judge

Dated: March 1, 2011

cc:       Michael Alonzo Harris
           09518-068
           P.O. Box 6000
           Glenville, WV 26351